UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| JOHN BLUNT,<br>Plaintiff | CIVIL ACTION NO. 1:17-CV-928-P |
| VERSUS | JUDGE DEE D. DRELL |
| JAMES DEVILLE, ET AL.,<br>Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a Motion for Temporary Restraining Order ("TRO") (Doc. 34) filed by pro se Plaintiff John Blunt ("Blunt") (#447976). Blunt is an inmate in the custody of the Louisiana Department of Corrections, incarcerated at River Correctional Center in Ferriday, Louisiana.

Because Blunt has not shown immediate and irreparable injury, loss, or damage will result before Defendants can be heard in opposition, or the likelihood of success on the merits, Blunt's motion (Doc. 34) should be denied.

I. **Background**

Blunt filed a civil rights complaint (42 U.S.C. § 1983) alleging excessive force at Winn Correctional Center ("WCC") in violation of the Constitution.

Blunt was subsequently transferred to Richwood Correctional Center, and then River Correctional Center. (Docs. 15, 34).

II. **Law and Analysis**

Blunt seeks a TRO "against any prison employed by Lasalle Management." (Doc. 34). Blunt claims that he was denied access to the courts while housed at

Richwood Correctional Center, and that he does not feel safe at any facility managed by Lasalle Management. (Doc. 24).

Rule 65 of the Federal Rules of Civil Procedure provides, in pertinent part, as follows:

> (b)(1) Issuing Without Notice. The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give the notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b).

A preliminary injunction "is an extraordinary and drastic remedy, not to be granted routinely, but only when the movant, by a clear showing, carries a burden of persuasion." Black Fire Fighters Ass'n of Dallas v. City of Dallas, Tex., 905 F.2d 63, 65 (5th Cir. 1990). In order for Blunt to obtain a preliminary injunction, he must demonstrate each of the following: (1) a substantial likelihood of success on the merits; (2) a substantial threat that failure to grant the injunction will result in irreparable injury; (3) the threatened injury outweighs any damage that the injunction will cause to the adverse party; and (4) the injunction will not have an adverse effect on the public interest. See Women's Med. Ctr. v. Bell, 248 F.3d 411, 418–19 (5th Cir. 2001); Flores v. Jacobs, 442 F. App'x 164, 165 (5th Cir. 2011); Anderson v. Jackson, 556 F.3d 351, 360 (5th Cir. 2009). "The denial of a preliminary injunction will be upheld where the movant has failed sufficiently to establish any

one of the four criteria." Black Fire Fighters Ass'n, 905 F.2d at 65; see also Flores, 442 F. App'x at 165.

Blunt cannot meet the requirements set forth above. Blunt has not alleged any facts to show that immediate irreparable injury, loss, or damage will result to him before the adverse parties can be heard in opposition. Blunt has not identified any substantial threat of irreparable injury that would necessitate a TRO.

To the extent Blunt claims he was denied access to the courts at Richwood Correctional Center, his transfer from that facility rendered moot his claim for injunctive relief. See Herman v. Holiday, 238 F.3d 660, 665 (5th Cir. 2001). Moreover, any suggestion of relief based on the possibility of transfer back to the Richwood Correctional Center is too speculative to warrant relief. Id.

To the extent Blunt claims he is being denied access to the courts at River Correctional Center, his request for TRO still fails. To state a claim that he was denied the right of access to the courts, a plaintiff must allege that his position as a litigant was actually prejudiced. See Eason v. Thaler, 73 F.3d 1322, 1328 (5th Cir. 1996). Because Blunt does not demonstrate that he suffered prejudice from any purported denial of access to the courts at River Correctional Center, he cannot show a substantial likelihood of success on the merits.

Blunt is not entitled to a TRO, and his claims will be dealt with in the normal process of this lawsuit.

### III. Conclusion

For the foregoing reasons, IT IS RECOMMENDED that Blunt's Motion for Temporary Restraining Order (Doc. 34) be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), parties aggrieved by this Report and Recommendation have 14 calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within 14 days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within 14 days from the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this 19th day of December, 2018.

Joseph H.L. Perez-Montes
United States Magistrate Judge

4